**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>REUTERS NEWS & MEDIA, INC.,<br>THOMSON REUTERS US LLC,<br><br>              Defendants. | Case No.:<br><br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Global Weather Productions LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Reuters News & Media, Inc., and defendant Thompson Reuters US LLC (hereinafter collectively "*Defendants*") states and alleges as follows:

## INTRODUCTION

1.    This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.    Plaintiff owns the rights to certain videos and licenses same for various uses including online and print publications.

3.    Defendant Reuters News & Media, Inc. owns and operates a website at domain www.reuters.com ("*Website 1*").

4.    Defendant Thompson Reuters US LLC owns and operates a website at domain www.reutersconnect.com ("*Website 2*").

5.    Defendants, without permission or authorization from Plaintiff, actively copied and/or displayed Plaintiff's videos on Website 1 as well as on Website 2 (hereinafter collectively "*Websites*").

## PARTIES

6.    Plaintiff Global Weather Productions, LLC is a Wyoming limited liability company

and who maintains a principal place of business in Sheridan County, Wyoming.

7.      Upon information and belief, defendant Reuters News & Media, Inc., is a Delaware corporation with a principal place of business at 3 Times Square, Manhattan in New York City, New York.

8.      Upon information and belief, defendant Thomson Reuters US LLC, is a Delaware limited liability company with a principal place of business at 3 Times Square, Manhattan in New York City, New York

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10.      This Court has personal jurisdiction over defendant Reuters News & Media, Inc. ("*Reuters*") because it maintains its principal place of business in New York.

11.      This Court has personal jurisdiction over defendant Thompson Reuters US LLC ("*Thompson*") because it maintains its principal place of business in New York.

12.      Venue is proper under 28 U.S.C. §1391(b)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.      **Plaintiff's Copyright Ownership**

13.      Plaintiff is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

14.      Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

15.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

16.      Plaintiff's videos are original, creative works in which Plaintiff owns protectable

copyright interests.

17.     On November 18, 2022, Michael Brandon Clement ("*Clement*") first published a series of videos of a blizzard striking western New York in 2022 ("*Video 1-5*"). A copy of a still frame image from each video for reference purposes is attached hereto collectively as <u>Exhibit 1</u> (*Exhibit 1-Video #1-5*) (Videos 1-5 are referred to throughout the balance of this Complaint as the "*Videos*").

18.     On February 8, 2023, Video 1 was registered by the USCO under Registration No. PA 2-401-320.

19.     On February 8, 2023, Video 2 was registered by the USCO under Registration No. PA 2-401-312.

20.     On February 8, 2023, Video 3 was registered by the USCO under Registration No. PA 2-401-404.

21.     On January 31, 2023, Video 4 was registered by the USCO under Registration No. PA 2-397-898.

22.     On January 30, 2023, Video 5 was registered by the USCO under Registration No. PA 2-397-322.

23.     Clement created the Videos with the intention of them being used commercially and for the purpose of display and/or public distribution of a newsworthy weather event.

24.     Plaintiff acquired all rights in and to the Videos by way of written assignment.

**B.     <u>Defendant's Infringing Activity</u>**

25.     Upon information belief, Reuters is the registered owner of Website 1 and is responsible for its content.

26.     Upon information and belief, Reuters is the operator of Website 1 is responsible for its content.

27.     Upon information belief, Thompson is the registered owner of Website 2 and is responsible for its content.

28.     Upon information and belief, Thompson is the operator of Website 2 and is

responsible for its content.

29.     Thompson and Reuters collectively operate the Websites in furtherance of their joint commercial enterprise, specifically the production and dissemination of news media content on a global scale.

30.     The Websites are key components of Defendants' popular and lucrative commercial enterprise.

31.     Website 1 is monetized in that it contains paid advertisements and, upon information and belief, Reuters profits from these activities.

32.     Website 1 is monetized in that it offers subscription services to the public and, upon information and belief, Reuters profits from these activities.

33.     Website 2 is monetized in that it offers and furthers amplifies Defendants' original content and, upon information and belief, Thompson profits from these activities.

34.     On or about December 27, 2022, Reuters displayed various discernible segments of the Videos on Website 1 as part of an on-line story at URL: https://www.reuters.com/world/us/deadly-blizzard-deemed-worst-45-years-paralyzes-greater-buffalo-ny-2022-12-26/. Copies of the screengrabs of Website 1 including the same still frame image(s) from the Videos are attached collectively hereto in Exhibit 2 (*Exhibit 2-Infringement #1-5*).

35.     Additionally, Reuters displayed various discernible segments from the Videos on Website 1 at URL: https://www.reuters.com/video/watch/idOV891926122022RP1 (*Exhibit 2-Infringement #6-10*).

36.     Further, Thompson displayed various discernible segments from the Videos on Website 2 at URL: https://www.reutersconnect.com/all?id=tag%3Areuters.com%2C2022%3Anewsml_VA889026122022RP1%3A1&search=all%3Atraffic%20chaos%20as%20historic%20snowfall%20blankets%20new%20york and at URL: https://www.reutersconnect.com/detail?id=tag%3Areuters.com%2C2022%3Anewsml_OWLTA

4

CB3GZZ0D2MMKUN13UOB1NLVOF9%3A220635665 (*Exhibit 2-Infringement #11-19*).

37.     Without permission or authorization from Plaintiff, Defendants volitionally copied and/or displayed Plaintiff's copyright protected Videos on the Websites.

38.     Upon information and belief, Defendants broadly disseminated Plaintiff's Videos to various third parties and/or authorized the use of same in further violation of Plaintiff's copyrights.

39.     On October 9, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendants' infringements of Plaintiff's rights-protected Videos.

40.     Despite Plaintiff's notification to Defendants concerning their infringing activity, Reuters continues to infringe on Plaintiff's Videos thereby establishing the willful nature of its conduct.

41.     Upon information and belief, discernible segments of each of Plaintiff's Videos were copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

42.     The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

43.     The Infringements are discernible reproductions of various segments of Plaintiff's original videos that were directly copied and displayed by Defendants on the Websites.

44.     Upon information and belief, Defendants take an active and pervasive role in the content posted on the Websites, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Videos.

45.     Upon information and belief, Reuters directly contributes to the content posted on Website 1 by, *inter alia*, directly employing reporters, authors and editors as its agents, including,

but not limited to, Brendan Mcdermid and Gabriella Borter whereby Website 1 lists Mcdermid as an "Author" and lists "Borter" as a "Reporter" (the "*Employees*").

46.     Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

47.     Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

48.     Upon information and belief, the Videos were willfully and volitionally posted to the Websites by Defendants.

49.     Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

50.     Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on the Websites, and exercised, and/or had the right and ability to exercise, such right.

51.     Upon information and belief, Defendant monitors the content on their Websites.

52.     Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringements.

53.     Upon information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendants to realize an increase in the revenues generated through their paid advertisements and/or subscription services.

54.     Upon information and belief, a large number of people have viewed the unlawful copies of the Videos on the Websites.

55.     Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

56.     Defendants' use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

57.     As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

58.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

59.     The Videos are original, creative works in which Plaintiff owns a valid copyright.

60.     The Videos are properly registered with the USCO and all statutory formalities under the Copyright Act and as well as under the regulations published by the USCO have been complied with.

61.     Plaintiff has not granted Reuters a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Reuters.

62.     Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Reuters improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

63.     Reuters's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

64.     Upon information and belief, Reuters willfully infringed upon Plaintiff's Videos in violation of Title 17 of the U.S. Code, in that Reuters used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using them on Website 1.

65.     As a result of Reuters's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Reuters's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Reuters for each of the Infringements pursuant to 17 U.S.C. § 504(c).

66.     As a result of the Reuters's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs

pursuant to 17 U.S.C. § 505 from Reuters.

67.     As a result of Reuters' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### *(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

68.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

69.     The Videos are each original, creative works in which Plaintiff owns a valid copyright.

70.     The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

71.     Plaintiff has not granted Thompson a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Thompson.

72.     Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Thompson improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

73.     Thompson's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

74.     Upon information and belief, Thompson willfully infringed upon Plaintiff's Videos in violation of Title 17 of the U.S. Code, in that Thompson used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using them on Website 2.

75.     As a result of Thompson's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of defendant Thompson's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Thompson for each

of the Infringements pursuant to 17 U.S.C. § 504(c).

76.    As a result of the Thompson's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Thompson.

77.    As a result of Thompson's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

78.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed upon Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendants infringed upon Plaintiff's copyright interest in and to the Videos by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendants' profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each of the Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: January 24, 2024

**SANDERS LAW GROUP**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127726

*Attorneys for Plaintiff*