UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>REUTERS NEWS & MEDIA, INC.,<br>THOMSON REUTERS US LLC,<br><br>Defendants. | Case No.: 1:24-cv-00507-AS<br><br><br>DEMAND FOR JURY TRIAL |

**FIRST AMENDED COMPLAINT**

Plaintiff Global Weather Productions LLC ("*Plaintiff*"), by and through its undersigned counsel, for its First Amended Complaint against defendant Reuters News & Media, Inc., and defendant Thomson Reuters US LLC (hereinafter collectively "*Defendants*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff owns the rights to certain videos and licenses same for various uses including online and print publications.

3. Defendant Reuters News & Media, Inc. owns and operates a website at domain www.reuters.com ("*Website 1*").

4. Defendant Thomson Reuters US LLC owns and operates a website at domain www.reutersconnect.com ("*Website 2*").

5. Defendants, without permission or authorization from Plaintiff, actively reproduced and displayed Plaintiff's works on Website 1 as well as on Website 2 (hereinafter collectively "*Websites*").

6. Defendants, without permission or authorization from Plaintiff, distributed

1

Plaintiff's works by sale or other transfer of ownership through the Websites.

## PARTIES

7. Plaintiff Global Weather Productions LLC is a Wyoming limited liability company and who maintains a principal place of business in Sheridan County, Wyoming.

8. Upon information and belief, defendant Reuters News & Media, Inc., is a Delaware corporation with a principal place of business at 3 Times Square, Manhattan in New York City, New York.

9. Upon information and belief, defendant Thomson Reuters US LLC, is a Delaware limited liability company with a principal place of business at 3 Times Square, Manhattan in New York City, New York

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over defendant Reuters News & Media, Inc. ("*Reuters*") because it maintains its principal place of business in New York.

12. This Court has personal jurisdiction over defendant Thomson Reuters US LLC ("*Thomson*") because it maintains its principal place of business in New York.

13. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.**   **Plaintiff's Copyright Ownership**

14. Plaintiff is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

15. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

16. Plaintiff has obtained active and valid copyright registrations from the United States

2

Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

17. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

18. Between November 18, 2022 and November 19, 2022, Michael Brandon Clement ("*Clement*") first published a series of videos of a lake effect snow storm striking western New York in 2022 ("*Videos 1-7*") (A copy of a still frame image from each video for reference purposes is attached hereto collectively as Exhibit 1 (*Exhibit 1-Videos 1-7*)) (Videos 1-7, when referred to collectively, are referred to throughout the balance of this Complaint as the "*Videos*").

19. On February 8, 2023, Video 1, titled "11-18-22 Orchard Park, NY-Orchard Park maze of mayhem.mp4", was registered by the USCO under Registration No. PA 2-401-320.

20. On February 8, 2023, Video 2, titled "11-18-22 Hamburg, NY-Snow emergency, cars and semis stranded in feet of snow.mp4", was registered by the USCO under Registration No. PA 2-401-312.

21. On March 14, 2023, Video 3, titled "11-18-2022 Orchard Park, NY Record snow leaves stranded vehicles everywhere.mp4", was registered by the USCO under Registration No. PA 2-401-404.

22. On January 31, 2023, Video 4, titled "11-18-22 Hamburg, NY-Drivers stuck, travelers stranded in four feet of snow SOTs.mp4", was registered by the USCO under Registration No. PA 2-397-898.

23. On January 30, 2023, Video 5, titled "11-18-22 Lackawanna, NY-Firefighters shoveling to save patient, cars stuck, interstate closed.mp4", was registered by the USCO under Registration No. PA 2-397-322.

24. On February 8, 2023, Video 6, titled "11-19-22 New York Lake Effect Snow.mp4", was registered by the USCO under Registration No. PA 2-401-314.

25. On February 8, 2023, Video 7, titled "11-18-22 Orchard Park, NY-Entire city paralyzed from record snow.mp4", was registered by the USCO under Registration No. PA 2-401-

477.

26. Clement created the Videos with the intention of them being used commercially and for the purpose of display and/or public distribution of a newsworthy weather event.

27. Clement created the Videos with the intention of licensing them to news organizations and other media outlets that wished to report on the snow storm.

28. Plaintiff acquired all rights in and to the Videos by way of written assignment.

**B.     Defendant's Infringing Activity**

29. Upon information belief, Reuters is the registered owner of Website 1 and is responsible for its content.

30. Upon information and belief, Reuters is the operator of Website 1 is responsible for its content.

31. Upon information belief, Thomson is the registered owner of Website 2 and is responsible for its content.

32. Upon information and belief, Thomson is the operator of Website 2 and is responsible for its content.

33. Thomson and Reuters collectively operate the Websites in furtherance of their joint commercial enterprise, specifically the production and dissemination of news media content on a global scale.

34. The Websites are key components of Defendants' popular and lucrative commercial enterprise.

35. Website 1 is monetized in that it contains paid advertisements and, upon information and belief, Reuters profits from these activities.

36. Website 1 is monetized in that it offers content subscription services to the public and, upon information and belief, Reuters profits from these activities.

37. Website 2 is monetized in that it offers content subscription services to the public and, upon information and belief, Thomson profits from these activities.

38. Website 2 is monetized in that it offers and furthers amplifies Defendants' original

4

content and, upon information and belief, Thomson profits from these activities.

39. On or about December 27, 2022, Reuters displayed various discernible segments of the Videos on Website 1 as part of an on-line story at URL: https://www.reuters.com/world/us/deadly-blizzard-deemed-worst-45-years-paralyzes-greater-buffalo-ny-2022-12-26/. Copies of screengrabs of Website 1, including the same still frame image(s) from the Videos, are attached collectively hereto in Exhibit 2 (*Exhibit 2-Infringement #1-5*).

40. Additionally, Reuters displayed various discernible segments from the Videos on Website 1 at URL: https://www.reuters.com/video/watch/idOV891926122022RP1 (*Exhibit 2-Infringement #6-10*).

41. Further, Thomson displayed various discernible segments from the Videos on Website 2 at URL: https://www.reutersconnect.com/all?id=tag%3Areuters.com%2C2022%3Anewsml_VA889026122022RP1%3A1&search=all%3Atraffic%20chaos%20as%20historic%20snowfall%20blankets%20new%20york (*Exhibit 2-Infringement #11-21*).

42. Thomson further displayed various discernible segments from the Videos on Website 2 at URL: https://www.reutersconnect.com/detail?id=tag%3Areuters.com%2C2022%3Anewsml_OWLTACB3GZZ0D2MMKUN13UOB1NLVOF9%3A220635665 (*Exhibit 2-Infringement #11-21*).

43. Further, Thomson displayed various discernible segments from the Videos on Website 2 at URL: https://www.reutersconnect.com/detail?id=tag%3Areuters.com%2C2022%3Anewsml_WD897426122022RP1 (*Exhibit 2-Infringement #11-21*).

44. Further, Thomson displayed various discernible segments from the Videos on Website 2 at URL: https://www.reutersconnect.com/detail?id=tag%3Areuters.com%2C2022%3Anewsml_WD889026122022RP1 (*Exhibit 2-Infringement #11-21*) (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

45. Without permission or authorization from Plaintiff, Defendants volitionally reproduced and displayed Plaintiff's copyright protected Videos on the Websites.

46. Defendants also broadly distributed Plaintiff's Videos to various third-parties by sale or other transfer of ownership, or by rental, lease, or lending and authorized the use of same in further violation of Plaintiff's copyrights.

47. On October 9, 2023, Plaintiff served a letter seeking to address the complaints contained herein concerning Defendants' infringements of Plaintiff's rights-protected Videos.

48. Despite Plaintiff's notification to Defendants concerning their infringing activity, Reuters continues to infringe on Plaintiff's Videos thereby establishing the willful nature of its conduct.

49. Despite Plaintiff's notification to Defendants concerning their infringing activity, Defendants continue to materially contribute to the infringement of Plaintiff's Videos by third-parties thereby establishing the willful nature of their conduct.

50. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

51. The Infringements are discernible reproductions of Plaintiff's original Videos that were directly reproduced and displayed by Defendants on the Websites.

52. Upon information and belief, Reuters directly contributes to the content posted on Website 1 by, *inter alia*, directly employing reporters, authors and editors as its agents, including, but not limited to, Brendan Mcdermid and Gabriella Borter whereby Website 1 lists Mcdermid as an "Author" and lists "Borter" as a "Reporter" (the "*Employees*").

53. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

54. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

55. Upon information and belief, the Videos were willfully and volitionally posted to the Websites by Defendants.

6

56. Upon information and belief, Defendants are sophisticated media companies which own a comprehensive portfolio of digital marketing platforms and have advanced operational and strategic expertise in the media industry where copyright is prevalent.

57. Upon information and belief, Defendants' staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images and videos used in their articles have been properly licensed.

58. Upon information and belief, Defendants have not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for companies with Defendants' reach, capabilities, and level of sophistication.

59. Upon information and belief, Defendants' internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

60. Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

61. Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on the Websites, and exercised, and/or had the right and ability to exercise, such right.

62. Upon information and belief, Defendant monitors the content on their Websites.

63. Upon information and belief, Defendants received a financial benefit directly attributable to the Infringements.

64. Upon information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendants to realize an increase in the revenues generated through their paid advertisements.

65. Upon information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendants to realize an increase in the revenues generated through their paid content subscription services.

66. Upon information and belief, Defendants received revenue generated through the distribution of Plaintiff's Videos to third-parties by sale or other transfer of ownership, or by rental, lease, or lending.

67. Upon information and belief, a large number of people have viewed the unlawful copies of the Videos on the Websites.

68. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

69. Upon information and belief, Thomson at all times had the ability notify its subscription account holders to stop the reproduction and display of Plaintiff's copyrighted material.

70. Upon information and belief, Reuters, after receiving notice of Plaintiff's copyright infringement claims herein, failed to notify its customers and/or account holders of Plaintiff's claims.

71. Upon information and belief, Reuters, after receiving notice of Plaintiff's claims, did not take any action to recall the subject video downloads by its customers and/or account holders.

72. Upon information and belief, Thomson, after receiving notice of Plaintiff's claims, did not take any action to recall the subject video downloads by its customers and/or account holders.

73. Upon information and belief, Thomson, after receiving notice of Plaintiff's copyright infringement claims herein, failed to notify its customers and/or account holders of Plaintiff's claims.

74. Defendants' use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

75. Defendants' distribution of the Videos greatly harmed Plaintiff's potential market for the Videos.

76. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

77. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

78. The Videos are original, creative works in which Plaintiff owns valid copyrights.

79. The Videos are properly registered with the USCO and all statutory formalities under the Copyright Act and as well as under the regulations published by the USCO have been complied with.

80. Plaintiff has not granted Reuters a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Reuters.

81. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Reuters improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

82. Reuters' reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

83. Upon information and belief, Reuters willfully infringed upon Plaintiff's Videos in violation of Title 17 of the U.S. Code, in that Reuters reproduced, displayed, distributed, used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using them on Website 1.

84. As a result of Reuters' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Reuters' profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Reuters for each of the Infringements pursuant to 17 U.S.C. § 504(c).

85. As a result of the Reuters' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Reuters.

86. As a result of Reuters' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
*(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

87. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

88. The Videos are each original, creative works in which Plaintiff owns valid copyrights.

89. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

90. Plaintiff has not granted Thomson a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Thomson.

91. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Thomson improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

92. Thomson's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

93. Upon information and belief, Thomson willfully infringed upon Plaintiff's Videos in violation of Title 17 of the U.S. Code, in that Thomson reproduced, displayed, distributed, used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using them on Website 2.

94. As a result of Thomson's violations of Title 17 of the U.S. Code, Plaintiff is entitled

to an award of actual damages and disgorgement of all of defendant Thomson's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Thomson for each of the Infringements pursuant to 17 U.S.C. § 504(c).

95.     As a result of the Thomson's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Thomson.

96.     As a result of Thomson's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

97.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed upon Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

  a.  finding that Defendants infringed upon Plaintiff's copyright interest in and to the Videos by copying and displaying them without a license or consent;

  b.  for an award of actual damages and disgorgement of all of Defendants' profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each of the Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

  c.  for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

  d.  for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

11

   e.  for pre-judgment interest as permitted by law; and

   f.  for any other relief the Court deems just and proper.

DATED: July 15, 2024        Respectfully submitted,

                **SANDERS LAW GROUP**

                By: */s/ Renee J. Aragona*
                Craig B. Sanders, Esq.
                Renee J. Aragona, Esq.
                333 Earle Ovington Blvd, Suite 402
                Uniondale, NY 11553
                Tel: (516) 203-7600
                Email: csanders@sanderslaw.group
                Email: raragona@sanderslaw.group
                File No.: 127726

                *Attorneys for Plaintiff*