

333 EARLE OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

September 18, 2024

> Defendants are directed to file a responsive letter by September 20, 2024. The parties are directed to appear for a REMOTE conference on September 23, 2024 at 4 pm ET. The parties shall dial 646-435-4442 and enter conference ID 205 713 115 followed by #.
>
> The Clerk of Court is directed to terminate the motion at Dkt. 37.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Dated: September 18, 2024

<u>Via ECF</u>
Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:   *Global Weather Productions, LLC v. Reuters News & Media, Inc., et al.*
              Docket No.: 1:24-cv-00507-AS

Dear Judge Subramanian:

We represent Global Weather Productions, LLC ("Plaintiff") in this matter. Pursuant to Sections 5(D) and 5(G) of Your Honor's Individual Practices and Local Civil Rule 37.2, Plaintiff respectfully requests an informal pre-motion discovery conference to resolve a discovery dispute regarding Defendants improper and unsubstantiated assertions of attorney-client, work product and common interest privileges. Defendants assert these privileges over communications between Defendants and third-parties, Stringr, Inc. ("Stringr") and Latin America News Agency ("LANA"), related to Defendants' use of the videos which are the subject of this action ("Videos").

Defendants claim to have licenses from these third-parties who purportedly represented and warranted in boilerplate agreements that they had all rights necessary to license the Videos. In its First Request for Production ("RFP"), Plaintiff's Request 13 stated as follows:

> **"PLAINTIFF'S REQUEST NO. 13:** All documents between Defendant and any third-party, including but not limited to Stringr, Latin America News Agency (LANA), Mark Morgan and Angel Media Production, relating to the use of the Videos."

On May 29, 2024, Defendants served the following response:

> **"DEFENDANTS' RESPONSE:** Defendants hereby incorporate by reference their General Objections. Defendants further object to this Request on the ground that its request for "[a]ll documents" is overbroad, unduly burdensome, and disproportional to the needs of the case. Defendants further object to this Request to the extent it calls for the production of documents subject to the attorney-client privilege, work product privilege, or other applicable privilege…."

After considerable effort involving several meet and confers, summarized below, Plaintiff finally obtained a privilege log from Defendants wherein they advised that they considered all of the communications with LANA and Stringr to be privileged. The requested communications are relevant and critical to Plaintiff's claim and will set forth factual information related to Defendants' investigation of what occurred, other culpable parties involved with the distribution of the Videos, as well as Defendants' conduct and knowledge which goes to Defendants' intent and willfulness.



By way of background, the dispute was first raised during the parties' conference on discovery issues held on July 12, 2024. Defendants contended for the first time that the communications between Reuters, Stringr and LANA, particularly those occurring after Reuters received notice of Plaintiff's claim[1], were protected by the work product privilege because their interests are aligned in connection with the litigation. Counsel for the parties further conferred on the disputed privilege issue as set forth in the table below, which includes the required Lead Trial Counsel conference:

| Date and Time | Method | Duration | Participating Attorneys |
|---|---|---|---|
| July 12, 2024 at 4:30 pm | Zoom/ telephone | 27 minutes | Renee Aragona (Plaintiff), Raphael Holoszyc-Pimentel (Defendants) |
| July 25, 2024 at 3:30 pm | Zoom/ telephone | 1 hour | Renee Aragona (Plaintiff), Craig Sanders (Plaintiff), Raphael Holoszyc-Pimentel (Defendants), Jeremy Chase (Defendants) |
| August 6, 2024 at 11:17 am | Telephone | 31 minutes | Renee Aragona (Plaintiff), Jeremy Chase (Defendants) |
| September 4, 2024 at 1:00 pm | Zoom/ telephone | 10 minutes | Renee Aragona (Plaintiff), Raphael Holoszyc-Pimentel (Defendants) |

Following the July 12th conference, on July 24th, Plaintiff's counsel emailed Defendants' counsel providing legal authority disputing the viability of the claimed work product and common interest privileges. *Hayden v. International Business Machines Corporation*, 2023 WL 4622914 (S.D.N.Y. 2023) (inclusion of third-parties on communications waives privilege). Plaintiff also requested a privilege log.

The parties again conferred on July 25th during which Plaintiff's counsel informed they believed the parties to be at an impasse and that Plaintiff intended to request a conference pursuant to the Court's rules regarding discovery disputes. Defendants stated they would provide legal authority purportedly in support of the common interest privilege based on a contract indemnification provision with Stringr and LANA, and provided same following the July 25th conference. On August 6th, Plaintiff responded with further legal authority opposing Reuters' privilege assertion. On August 9th, Defendants finally confirmed they would provide a privilege log as soon as "reasonably practicable pursuant to Rule 34(b)(2)(B)". On September 3, Plaintiff followed up and demanded that the requested privilege log be produced by Thursday, September 5, and if not received, Plaintiff would proceed with a letter motion to the court requesting a discovery conference to address the discovery delays and disputes. The parties again met and conferred on September 4 and Defendants advised the privilege log was expected to be produced by September 6th. Defendants finally produced the privilege log on September 9, 2024.

As an initial matter, the produced privilege log marked by Defendants as confidential, which will be separately submitted via email pursuant to Section 11(C)(iv) of Your Honor's Individual Practices, covers only a limited time period between August 25, 2023 and November 1, 2023. In

---

[1] Plaintiff, via counsel, notified Reuters of its potential infringement claim by letter dated October 9, 2023. Plaintiff commenced the action on January 24, 2024.



addition to Work-Product and Common Interest privilege, many entries also now assert Attorney-Client privilege without any basis or inclusion of Stringr or LANA's actual counsel. Further, there are entries which predate Plaintiff's October 9, 2023 claim letter (pages 4, 5 and 10) rendering any claimed anticipation of litigation impossible and any claimed privilege frivolous. As such, Defendants have not met their burden to establish that the "work product" or "common interest" privileges are applicable between themselves and Stringr and LANA. *Am. Eagle Outfitters, Inc. v. Payless ShoeSource, Inc.*, No. CV 07-1675(ERK)(VVP), 2009 WL 3786210, at *2 (E.D.N.Y. 2009) (those seeking its protection bear the burden of establishing its applicability). Defendants, LANA and Stringr are not joint defendants in this action and Defendants have not established that a joint defense or strategy exists. Indeed, their interests cannot be aligned because Defendants' assertion that LANA and Stringr are the culpable actors responsible for the infringement is averse to LANA and Stringr's interests. Accordingly, the facts of the cases provided by Defendants in support of their position are readily distinguishable.

For instance, in *GMA Accessories, Inc. v. HMY Jewelry, Inc.*, No. 20 CIV. 11126 (JPC), 2021 WL 1885260, at *2 (S.D.N.Y. 2021) pre-litigation demand letters threatened litigation against all entities (HMY and its customers). Here, Plaintiff's prelitigation communications were solely addressed to Reuters. There was and has never been any joint response by Reuters and Stringr or LANA. Instead, Reuters, through its in-house counsel, individually responded on October 27, 2023 stating that Plaintiff's letter was forwarded to Stringr and LANA and that "further enquiries in respect of this material" should be directed to Stringr and LANA. On November 1, 2023, Reuters counsel provided contact information for Stringr's counsel, stating "an attorney has been briefed on the matter on Stringr's behalf and you can get in touch with her". Stringr then individually responded to our firm on December 4, 2023 through its own counsel, the firm of Crowe & Dunlevy.

Further, unlike here, in *Am. Eagle Outfitters*, the parties presented various common legal interests and entered a joint defense agreement. Moreover, privilege was not found solely because of the existence of an indemnity clause. See *In re Hypnotic Taxi LLC*, 566 B.R. 305, 315 (Bkrtcy. E.D.N.Y. 2017) ("the interest shared by the parties, among whom the privileged information passed, must be legal; the mere existence of a common business strategy or shared commercial interest, even if combined with the anticipation of or concern about litigation, is not enough to invoke the doctrine."). While Stringr and LANA may have interests in Plaintiff's dispute with Reuters being resolved, this does not suggest any need for their retention of, or receipt of legal advice from Reuters' in-house attorneys, or vice versa. See *Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc*., No. 02 Civ. 2839(GWG), 215 F.R.D. 466, 472 (S.D.N.Y. 2003) ("Because [defendant] failed to carry its burden of demonstrating that the communications at issue are 'predominately of a legal character' or…legal in nature, the attorney-client privilege does not apply and there is no need to reach the issue of whether [defendant] may invoke the common interest doctrine.").

For the foregoing reasons, the Defendants should be compelled to produce all communications between themselves and third-parties Stringr and LANA.

                        Respectfully submitted,
                        /s *Renee J. Aragona*
                        Renee J. Aragona