# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>REUTERS NEWS & MEDIA, INC.,<br>THOMSON REUTERS US LLC,<br><br>Defendants. | Case No: 24-cv-507 (AS)<br>[rel. 24-cv-7828 (AS)] |

**PLAINTIFF'S SUPPLEMENTAL INITIAL DISCLOSURES**
**PURSUANT TO RULE 26(a)(1)**

Global Weather Productions, LLC (referred to herein as "Plaintiff"), based on present information and belief, makes the following supplemental initial disclosures to Reuters News & Media, Inc. and Thomson Reuters US LLC (referred to herein as "Defendants") pursuant to Federal Rule of Civil Procedure 26(a)(1).

**RESERVATION OF RIGHTS**

This Supplemental Initial Disclosure Statement is based on information known and reasonably available to Plaintiff at this time, prior to the exchange of any discovery in this action. Plaintiff provides this Supplemental Initial Disclosure Statement without prejudice to Plaintiff's future reliance on—or disclosure, identification, or production of—additional or different persons, information, or documents, including any persons, information, or documents inadvertently omitted from this Supplemental Initial Disclosure Statement or that are subsequently discovered or determined to be relevant. Accordingly, Plaintiff reserves all rights to supplement, amend, correct, or clarify this Supplemental Initial Disclosure Statement through testimony, correspondence, document production, pleadings, court filings, inter-counsel communications, or otherwise.

1

By identifying or describing persons, information, and documents in this Supplemental Initial Disclosure Statement, Plaintiff does not waive any rights to object to the disclosure of any additional or other information on any basis, including relevance, burden, attorney-client privilege, the work-product doctrine, and any other available protection against disclosure. By identifying or describing persons, information, and documents in this Supplemental Initial Disclosure Statement, Plaintiff expressly reserves and does not waive any such objections. By identifying or describing persons, information, and documents in this Supplemental Initial Disclosure Statement, Plaintiff also does not waive any applicable objections to admissibility, including, without limitation, objections based on authenticity, competence, relevance, or materiality, as well any and all other objections that would require the exclusion of any information contained or referenced herein, or any portion thereof, if offered into evidence.

By identifying or describing persons, information, and documents in this Supplemental Initial Disclosure Statement, Plaintiff expressly reserves and does not waive any such objections or the right to interpose such objections at the time of any deposition or at or before any hearing or trial in this action or any other action or proceeding. No incidental or implied admissions are intended by this Supplemental Initial Disclosure Statement. The fact that Plaintiff describes or identifies a document or category of documents in this Supplemental Initial Disclosure Statement is not intended and should not be construed as a waiver by Plaintiff of any right or defense or the right to object to any discovery request propounded by Defendants.

Plaintiff expressly does not authorize Defendants, or any other party, to communicate with current or former employees of, advisors to, or consultants of Plaintiff, and nothing herein should be construed to authorize Defendants, or any other party, to contact any individuals where such contact would violate applicable law, abridge any rule of professional conduct, induce the breach of any contract, or infringe any confidentiality agreement.

These disclosures are based on information reasonably available to Plaintiff as of the date these disclosures are served. By making these disclosures, Plaintiff does not represent that Plaintiff

is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Plaintiff reserves the right to supplement these disclosures as necessary and as permitted by Federal Rule of Civil Procedure 26(e).

## INITIAL DISCLOSURES

A.  **Rule 26(a)(1)(A)(i):**  The name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Subject to and without waiving the foregoing Reservation of Rights, based on information currently known to Plaintiff:

| Name | Company Affiliation/Address | Expected Areas of Knowledge |
|---|---|---|
| Corporate Representative of Global Weather Productions, LLC | (*contact only through counsel*) | • Knowledge regarding the creation of the copyrighted videos at issue (hereinafter "Videos").<br>• Knowledge regarding any licensing of the copyrighted Videos at issue. |
| Corporate Representative(s) of Reuters News & Media, Inc. and Thomson Reuters US LLC | (*contact only through counsel*) | • Knowledge regarding Defendants' standards, practices, policies, guidelines, and budgeting for licensing of copyrighted materials.<br>• Knowledge regarding the creation of the articles on the Websites that contained Plaintiff's Videos.<br>• Knowledge regarding from where the Videos were obtained.<br>• Knowledge regarding the number of page-hits the Websites received for the URLs which contained the Videos.<br>• Knowledge regarding any advertising or other actions done to increase traffic to the Websites.<br>• Knowledge regarding the number of shares, links or linkbacks to the articles or webpages.<br>• Knowledge regarding the advertising revenue earned from the articles.<br>• Knowledge regarding the licensing or |

3

| | | |
|---|---|---|
| | | subscription revenue earned from the licensing of the Videos |
| Justine Flatley, Corporate Representative(s) of Reuters News & Media, Inc. and Thomson Reuters US LLC | (*contact only through counsel*) | • Knowledge regarding the licensing of the Videos at issue in this case, partner and contributor and customer agreements and revenues |
| Marie Frail, Corporate Representative(s) of Reuters News & Media, Inc. and Thomson Reuters US LLC | (*contact only through counsel*) | • Knowledge regarding video production and copyright compliance procedures |
| Christopher Lee | Reuters News & Media, Inc. and Thomson Reuters US LLC (*contact only through counsel*) | • Knowledge regarding when Defendants first became aware of Plaintiff's claims, when the videos were removed from Defendants' platforms, when advisories were sent to Defendants' clients and how, Defendants' searches for and production of documents during discovery; whether any other video edits were created |
| Scott Dill | Reuters News & Media, Inc. and Thomson Reuters US LLC (*contact only through counsel*) | • Knowledge regarding the creation of the video edits |
| Arlene Eiras | Reuters News & Media, Inc. and Thomson Reuters US LLC (*contact only through counsel*) | • Knowledge regarding the creation of the video edits |
| Lindsay Stewart, Corporate Representative(s) of Stringr, Inc. | (*contact only through counsel*) | • Knowledge regarding the licensing of the Videos at issue in this case, copyright verification policies; contributor investigations |
| Mark Morgan | 14 Boxwood Lane #1, Fairport, NY 14450 | • Knowledge regarding source of the videos; any agreements with Stringr; blizzard conditions in December 2022 |
| Corporate Representative(s) of Latin America News Agency | c/o Evaristo Blas Firpe, Rocamora 4343 6, C1184ABG, Ciudad Autónoma de | • Knowledge regarding the licensing of the Videos at issue in this case, copyright verification policies; contributor investigations |

4

| | Buenos Aires, Argentina | |
|---|---|---|
| Corporate Representative(s) of Pond5, Inc. | | • Knowledge regarding distribution of Defendants' videos, partnership with Defendants |
| Donna Halperin | Sanders Law Group *(contact only through counsel)* | • Knowledge regarding the copyright registrations of the works at issue. |

Plaintiff reserves the right to supplement these individuals with those subpoenaed or listed on Defendants' Initial Disclosures, Defendants' Supplemental Disclosures, all individuals who have given or will give testimony in this case, any expert witnesses subsequently identified by Plaintiff during expert discovery in this litigation, all experts or third-parties relied upon by Defendants, and all persons or all persons or entities referred in documents produced.

    **B.**    **Rule 26(a)(1)(A)(ii):** A copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Plaintiff identifies the following categories of documents and things in its possession, custody or control that may be used to support its claims:

- The Videos at issue
- The United States Copyright Registrations of the Videos
- Screengrabs of Defendants' Websites showing the unauthorized usage and licensing of the Videos
- Screengrabs of the Pond5 website showing the continued unauthorized distribution of the Videos by Defendants
- Licensing history for Plaintiff's copyrighted works
- Documents produced by Plaintiff, Defendants, and any non-parties pursuant to subpoena

    **C.**    **Rule 26(a)(1)(A)(iii):** A computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

As alleged in the Amended Complaint, Plaintiff seeks an award of actual damages and disgorgement of all of Defendants' profits attributable to the direct infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven, or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each Infringement pursuant to 17 U.S.C. § 504(c). Plaintiff further seeks to recover costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505.

5

However, as Defendants have not produced all documents responsive to Plaintiff's discovery demands, such as a complete list identifying all uses and video edits or cuts produced by Defendants, and a complete list of all third parties who received the Videos or portions thereof from Defendants' or Defendants' agents, such as Pond5, Inc., Plaintiff is unable to specify the amount of actual damages and disgorgement of profits claimed at this time. Without further information, Plaintiff can only estimate the value of such damages based on Defendants' representations regarding their distribution of the Video, as follows:

> Willful statutory damages pursuant to 17 U.S.C. § 504(c): $1,050,000.00 (maximum statutory damages of $150,000.00 per each of the seven infringed works).
>
> Actual damages: $7,650,000.00, based on loss of Plaintiff's actual licensing[1] ($1,000 per video for each of Plaintiff's six Videos used in Defendants' video edits) to 1,275 of Defendants' customers plus the disgorgement of all revenue earned by Defendants in an amount to be determined.
>
> Reasonable attorney's fees and costs: to be determined.

**D.** **Rule 26(a)(1)(A)(iv):** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Dated: April 21, 2025

                                            **SANDERS LAW GROUP**

                                            By:   */s/ Renee J. Aragona*
                                            Renee J. Aragona, Esq.
                                            333 Earle Ovington Blvd, Suite 402

---

[1] "If a copier of protected work, instead of obtaining permission and paying the fee, proceeds without permission and without compensating the owner, it seems entirely reasonable to conclude that the owner has suffered damages to the extent of the infringer's taking without paying what the owner was legally entitled to exact a fee for. We can see no reason why, as an abstract matter, the statutory term "actual damages" should not cover the owner's failure to obtain the market value of the fee the owner was entitled to charge for such use." On Davis v. The Gap, Inc., 246 F.3d 152, 165 (2d Cir. 2001); *Agence France Presse v Morel*, 2014 WL 3963124, at *13 (S.D.N.Y. 2014) (finding that there was enough evidence for the jury to conclude that the copyright owner would have made 1,000 sales, roughly the number of customers who obtained the images from the infringing defendants) (citing *Stevens Linen Assocs., Inc. v. Mastercraft Corp.,* 656 F.2d 11, 15 (2d Cir. 1981)) (endorsing damages theory that would calculate damages by assuming defendants' customers would have bought from plaintiff but for defendant's infringement); and *RSO Records, Inc. v. Peri*, 596 F.Supp. 849, 860 (S.D.N.Y. 1984) ("It would be reasonable to assume that for every counterfeit copy of plaintiffs' copyrighted records and tapes sold by defendants plaintiffs lost a corresponding sale.").

                Uniondale, NY 11553
                Tel: (516) 203-7600
                Email: raragona@sanderslaw.group
                *Attorneys for Plaintiff*
                File No.: 127726

### **CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, I caused to be served via electronic mail a copy of Plaintiff's Rule 26 Initial Disclosures on:

 Davis Wright Tremaine LLP
 Jeremy Chase, Esq.
 Raphael Holoszyc-Pimentel, Esq.
 1251 Avenue of the Americas, 21st Floor
 New York, NY 10020
 JeremyChase@dwt.com
 rhp@dwt.com

                */s/ Renee J. Aragona*
                Renee J. Aragona